1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                        **EASTERN DISTRICT OF CALIFORNIA**

10

11    MIKE BAKER,                              )   Case No.: 1:15-cv-00693-AWI-BAM (PC)
                                               )
12                    Plaintiff,               )   ORDER SEVERING UNRELATED CLAIMS
                                               )
13            v.                               )   DIRECTING CLERK TO ASSIGN A SEPARATE
                                               )   CASE NUMBER
14    S. CACOA, et al.,                        )
                                               )   (ECF No. 1)
15                    Defendants.              )
                                               )
16                                             )
                                               )
17    _____ )

18            Plaintiff Mike Baker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in

19    this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States

20    Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21            Plaintiff filed a complaint commencing this action on May 6, 2015. (ECF No. 1.) On

22    December 29, 2015, Plaintiff was also granted relief from the e-service procedures and allowed three

23    (3) extra pages to be added to his complaint. (ECF No. 11.) Plaintiff's May 6, 2015 complaint is

24    currently before the Court for screening.

25            **Federal Rules of Civil Procedure 18 and 20**

26            In screening Plaintiff's complaint, the Court notes at the outset that Plaintiff alleges multiple

27    claims against multiple parties that are largely unrelated.

28    ///

                                                   1

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. Id. at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

In this case, Plaintiff attempts to bring over a dozen causes of action against seventeen different defendants, on matters ranging from retaliation, to deliberate indifferent to medical needs, to property deprivation, and a range of other issues over a one-year period. Plaintiff may not pursue all of these claims in a single suit. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass a multiple claim, multiple defendant suit produces, but also to ensure that prisoners pay the required filing fees for each lawsuit. 28 U.S.C. § 1915(g).

**Severance of Claims**

Generally, if the Court determines during screening that Plaintiff's complaint sets forth unrelated claims, it recommends dismissal of those claims that are improperly joined. However, the Court does not find this course of action to be appropriate in the circumstances of this case.

The Ninth Circuit has advised district courts to conduct a prejudice analysis when dismissing—rather than severing—claims or defendants based misjoinder. Rush v. Sport Chalet, 779 F.3d 973, 975 (9th Cir. 2015). The Ninth Circuit specifically noted that a district court should consider "'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" Rush, 779 at 975 (quoting DirectTV, Inc. v. Leto, 467 F.3d 842, 846–47 (3rd Cir. 2006)).

No statute of limitations is set out in 42 U.S.C § 1983. Instead, California's two year statute of limitations on personal injury claims applies. Cal. Code  Civ. Proc. § 335.1. Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004); Canatella v. Van De Kamp, 486 F.3d 1128, 1132 (9th Cir. 2007); Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). Under federal law, a civil rights claim like this accrues

2

when plaintiff knows or has reason to know of the injury giving rise to the claim. <u>Olsen v. Idaho State Bd. Of Med.</u>, 363 F.3d 916, 926 (9th Cir. 2004).

In some circumstances equitable tolling may preserve a claim that is otherwise barred by the statute of limitations by extending or suspending the accrual of the limitations period. <u>Jones v. Blanas</u>, 393 F.3d 918, 928 (9th Cir. 2004) (quoting <u>Lantzy v. Centex Homes</u>, 31 Cal. 4th 363, 370, 2 Cal. Rptr. 3d 655, 73 P.3d 517 (2003)). In determining whether a civil rights claim is time-barred, federal courts apply the forum state's equitable tolling provisions to the extent they are not inconsistent with federal law. <u>Dawkins v. Woodford</u>, No. 09-cv-1053-JLS-POR, 2012 WL 554371, at *4 (S.D. Cal. Feb. 21, 2012);<u>see also</u> <u>Fink v. Shedler</u>, 192 F.3d 911, 916 (9th Cir. 1999). In California, equitable tolling applies in limited circumstances to prevent "unjust technical forfeiture" of certain claims. <u>Provencio v. Vazquez</u>, No. 1:07-cv-0069-AWI-TAG, 2008 WL 3982063, at *6 (E.D. Cal. Aug. 18, 2008).

However, a party cannot deduct the time consumed by the pendency of an action if it was later dismissed without prejudice. <u>Thomas v. Gilliland</u>, 95 Cal. App. 4th 427, 433, 115 Cal. Rptr. 2d 520 (2002) (quoting <u>Wood v. Elling Corp.</u>, 20 Cal.3d 353, 359, 142 Cal. Rptr. 696, 572 P.2d 755 (1977). When an action is dismissed without prejudice, courts restore the applicable statute of limitations "as if no action had been brought." <u>Wood.</u> 20 Cal.3d at 359, 142 Cal. Rptr. 696, 572 P.2d 755.

Plaintiff would likely be unable to file a new action based on the running of the statute of limitations if the Court were to recommend dismissal of his unrelated claims. The Ninth Circuit's direction in <u>Rush</u> clearly instructs that this Court should avoid dismissal of otherwise potentially meritorious claims outside of the limitations period. 779 F.3d at 975. This Court will therefore sever Plaintiff's claims and assign new case numbers, rather than recommending dismissal of the claims and defendants which are not properly joined in this action.

The Court will issue a separate order in each case concerning the substantive screening of Plaintiff's claims, as appropriate.

///

///

///

///

3

**Conclusion and Order**

Based on the foregoing, IT IS HEREBY ORDERED that:

1.     The Clerk of the Court is directed to assign a separate case number to an action concerning Plaintiff's claims against Defendants E. Beam, Vogel, Cuevas, T. Caldwell,  Huerta, R. Cervantes, Benevidas, D. Goree, J. Diaz, K. Cribbs, A. Pacillas, E.G. Jarvis, M. Sexton, and Davis, and claims of retaliation against Defendants L. Vasquez and Ponce De Leon;

2.     The Clerk of the Court shall relate that new case with this case, and shall assign the new case to the docket of District Judge Anthony W. Ishii and Magistrate Judge Barbara A. McAuliffe;

3.     This action shall proceed on Plaintiffs claims against Defendants S. Cacoa, Guizar, Seng, Jane Doe, L. Vasquez, and Ponce De Leon (except for the retaliation allegations identified above). A separate order will issue concurrently with this order concerning the Court's screening of these claims, pursuant to 28 U.S.C. § 1915A(a);

4.     The Clerk of the Court is directed to issue and serve by mail new case documents to Plaintiff indicating the newly assigned case number;

5.     The Clerk of the Court is directed to file a copy of Plaintiff's complaint filed on May 6, 2015 (Doc. 1), and a copy of this order in the newly created case;

6.     As to the newly created case, Plaintiff will be required to file a $400.00 filing fee or file a motion for leave to proceed in forma pauperis; and,

7.     Plaintiff is warned that a failure to either pay the filing fee or file a motion for leave to proceed in forma pauperis will result in dismissal of the new case.

IT IS SO ORDERED.

Dated:   **November 15, 2016**           /s/ *Barbara A. McAuliffe*

                                                     UNITED STATES MAGISTRATE JUDGE

4