# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>S. CACOA, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00693-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EARLY DISCOVERY<br><br>(ECF No. 18) |

Plaintiff Mike Baker is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's status report and motion requesting discovery be opened early to identify LVN Jane Doe, with a declaration in support. (ECF No. 18.)

**I.    Background**

Plaintiff named Jane Doe, a Licensed Vocational Nurse ("LVN"), as a defendant in his original complaint. (ECF No. 1.) On November 15, 2016, Plaintiff's complaint was screened by the Court, and the Court found that he stated a cognizable claim against LVN Jane Doe and other defendants. Plaintiff was advised that Doe defendants cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for the Doe defendants. (ECF No. 15, pp. 15-16.)

1

On January 3, 2017, Plaintiff filed a first amended complaint, in which he has named LVN Jane Doe as a defendant. (ECF No. 19.) The Court's screening order on the first amended complaint will be issued in due course.

**II.     Motion for Early Discovery**

Plaintiff asserts that he has attempted to discover the identity of LVN Jane Doe by requesting his medical records, and sending requests for information to a health records supervisor and a registered nurse who supervised LVN Jane Doe. However, Plaintiff has not yet determined LVN Jane Doe's identity. Plaintiff seeks leave to issue an interrogatory or request for production to the custodian of records at Corcoran State Prison to obtain certain log books that he believes may help him identify LVN Jane Doe. He notes that he was warned in the Court's November 15, 2016 screening order that it is his burden to identify any Doe defendants.

Generally, a party may not conduct discovery before being authorized by the Federal Rules of Civil Procedure, by court order, or by stipulation. See Fed. R. Civ. P. 26(d)(1). The Ninth Circuit has held that courts may grant a plaintiff leave to take early discovery to determine a defendant's identity, unless the discovery would not uncover the defendant's identity, or the complaint may be dismissed on other grounds. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).

In this case, the Court does not find it appropriate to permit the early discovery requested by Plaintiff. His first amended complaint is still in the screening stage, and thus this case does not yet proceed on a viable complaint. Further, the Court will permit Plaintiff an opportunity to seek discovery of LVN Jane Doe in the normal course of discovery.

Accordingly, Plaintiff's motion requesting early discovery, filed January 3, 2017 (ECF No. 18) is DENIED.

IT IS SO ORDERED.

Dated:   **April 20, 2017**              /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE

2