# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>   Plaintiff,<br><br> v.<br><br>S. CACOA, et al.,<br><br>   Defendants. | Case No.: 1:15-cv-00693-AWI-BAM (PC)<br><br>ORDER REQUIRING PLAINTIFF TO FILE A MOTION TO SUBSTITUTE THE DOE DEFENDANT(S) OR FILE A REQUEST FOR A RULE 45 SUBPOENA<br><br>**FORTY-FIVE DAY DEADLINE** |

## I. Background

Plaintiff Mike Baker is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

On January 3, 2017, Plaintiff filed a first amended complaint, in which he has named LVN Jane Doe as a defendant. (ECF No. 19.) On April 20, 2017, the Court screened Plaintiff's first amended complaint, found he stated a cognizable claim against LVN Jane Doe, among others, and ordered him to notify the Court whether he would proceed on his cognizable claims or file a second amended complaint. (ECF No. 20.)

On April 20, 2017, Plaintiff also filed a motion for early discovery, to attempt to discover the identity of LVN Jane Doe. (ECF No. 21.) That motion was denied, without prejudice, on the grounds that the claims which this action proceeded upon should be finalized before Plaintiff proceeds with discovery in this action.

1

On May 25, 2017, Plaintiff filed a notice of his intent to proceed only on his cognizable claims. (ECF No. 22.) The Court will issue an order directing Plaintiff to submit documents for service of the complaint, and findings and recommendations regarding the claims upon which this matter will proceed, in due course.

The Court now finds it appropriate to further advise Plaintiff regarding his duty to identify LVN Jane Doe for service.

**II.    Discovery of Doe Defendant Identity**

Previously, Plaintiff asserted that he attempted to discover the identity of LVN Jane Doe by requesting his medical records, and sending requests for information to a health records supervisor and a registered nurse who supervised LVN Jane Doe. However, Plaintiff had not yet determined LVN Jane Doe's identity. Plaintiff sought leave to issue discovery to the custodian of records at Corcoran State Prison to obtain certain log books that he believes may help him identify LVN Jane Doe.

Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil Procedure 26(b). Meeks v. Parsons, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing Fahey v. United States, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)). Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

Plaintiff shall be permitted forty-five (45) days from the issuance of this order to either file a motion to substitute the identity of LVN Jane Doe in this action, or to file any request for a Rule 45 subpoena to obtain the information necessary to identify LVN Jane Doe. If he files a Rule 45 subpoena request, he must meet the standards addressed above.

### III. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff shall, within **forty-five (45) days** of the date of service of this order, either

    (a) file a motion to substitute the identity of LVN Jane Doe; or

    (b) file any request for a Rule 45 subpoena to obtain the information necessary to identify LVN Jane Doe;

2. **<u>Plaintiff is warned that his failure to comply with this order will result in a recommendation to dismiss LVN Jane Doe from this action</u>**.

IT IS SO ORDERED.

Dated: **May 31, 2017**        /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE