# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>    Plaintiff,<br><br>v.<br><br>E. BEAM, et al.,<br><br>    Defendants. | Case No.: 1:15-cv-00693-AWI-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF ATTORNEY<br><br>(ECF No. 14) |

Plaintiff Mike Baker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Currently before the Court is Plaintiff's motion for the appointment of counsel, filed June 1, 2017. (ECF No. 14.) Plaintiff seeks counsel based on a recent, severe injury to his right arm and hand, which he uses for writing, and the loss of his prescription eyeglasses. Plaintiff further contends that his case is meritorious, because there are eyewitnesses who are willing to testify on his behalf, and he has medical records which support his claims. Plaintiff attaches a declaration from an inmate stating that the inmate wrote Plaintiff's motion, but Plaintiff signed the motion. Plaintiff also attaches a chrono dated April 27, 2017, discussing Plaintiff's injuries. [1]

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C.

---

[1] Plaintiff filed a similar motion in a related case, Baker v. Beam, et al., Case No. 1:16-cv-01737-AWI-BAM (PC). Each motion and the record in each case were carefully evaluated in considering Plaintiff's requests for the appointment of counsel.

§ 1915(e)(1). <u>Mallard v. U.S. Dist. Court for the S. Dist. of</u> Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). <u>Rand</u>, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." <u>Id.</u> (internal quotation marks and citations omitted).

Here, the Court does not find the required exceptional circumstances for the appointment of counsel. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. The legal issues in this case are not complex, and the record reflects that Plaintiff is able to adequately articulate his claims. Although the Court has ordered Plaintiff's first amended complaint to be served, at this early stage the Court cannot find that this action is likely to succeed on the merits.

As Plaintiff has been informed, to the extent his medical issues prevent him from timely complying with the Court's deadlines, he may request an extension of time supported by good cause. Plaintiff may also continue seeking the assistance of other inmates as he has done in filing this motion.

Accordingly, Plaintiff's request for counsel, filed June 1, 2017 (ECF No. 25), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **June 5, 2017**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE