# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. CACOA, et al.,<br><br>　　　　Defendants. | Case No.: 1:15-cv-00693-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUBPOENA DUCES TECUM<br><br>(ECF No. 30)<br><br>ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM, AND DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH ORDER |

Plaintiff Mike Baker is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

## I. Relevant Background

On January 3, 2017, Plaintiff filed a status report and motion for early discovery, to attempt to discover the identity of LVN Jane Doe. (ECF No. 21.) On April 20, 2017, the Court denied Plaintiff's motion for early discovery on the grounds that the case was at the screening stage, and the claims upon which the action proceeds upon should be finalized before discovery commenced.

On May 25, 2017, Plaintiff filed a notice of his intent to proceed only on the claims that the Court had found to be cognizable following screening, including certain claims against LVN Jane Doe. (ECF No. 22.) Accordingly, on May 31, 2017, the Court issued an order regarding Plaintiff's duty to identify LVN Jane Doe for service. The Court provided Plaintiff the legal standards applicable

1

to the issuance of subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure. Plaintiff was further permitted forty-five (45) days from the issuance of this order to either file a motion to substitute the identity of LVN Jane Doe in this action, or to file any request for a Rule 45 subpoena to obtain the information necessary to identify LVN Jane Doe.

Currently before the Court is Plaintiff's motion for the Court to issue a Rule 45 subpoena, filed on July 17, 2017. (ECF No. 30.)

## II. Motion for Issuance of Subpoena Duces Tecum

### A. Plaintiff's Attempts to Identify LVN Jane Doe

In Plaintiff's January 3, 2017 status report signed under penalty of perjury, Plaintiff declared that he initially attempted to discover the identity of LVN Jane Doe by requesting his medical records, and sending requests for information to a health records supervisor and a registered nurse who supervised LVN Jane Doe.

In the currently motion, also supported by a declaration, Plaintiff declares that he did not receive a response from his correspondence to the health records supervisor or registered nurse. However, Plaintiff received copies of relevant medical records for his review. Only one document had LVN Jane Doe's name on it. This document, the Medication Administration Record ("MAR") shows each nurse who passed medication out for the month of May 2014, and LVN Jane Doe's name and initials were to be printed on the MAR. Although the relevant MAR shows LVN Jane Doe issued Plaintiff's medication, according to Plaintiff the LVN's handwriting is indecipherable. The MAR was not provided for the Court's review, but the Court accepts Plaintiff's representation.

Based on the foregoing, the Court is satisfied that Plaintiff has adequately attempted to find information to identify LVN Jane Doe using the information that is available to him. The Court turns to Plaintiff's Rule 45 subpoena request.

### B. Issuance of Subpoena

Rule 45 of the Federal Rules of Civil Procedure permits issuance of subpoenas to obtain discovery from non-parties equivalent to discovery from parties under Rule 34. See Adv. Comm. Note to 1991 Amendment to FRCP 45. Rule 34 governs discovery of designated documents, electronically stored information, and designated tangible things subject to the provisions of Federal Rule of Civil

Procedure 26(b). <u>Meeks v. Parsons</u>, No. 1:03-cv-6700-LJO-GSA, 2009 WL 3003718, at *2 (E.D. Cal. Sept. 18, 2009) (citing <u>Fahey v. United States</u>, 18 F. R. D. 231, 233 (S.D.N.Y. 1955)).

Rule 26(b)(1) establishes the scope of discovery, stating in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b). These standards mean that the Court may grant a request by Plaintiff to issue a Rule 45 subpoena to a properly identified non-party to discover information that is relevant to the party's claims or defenses, is not burdensome, is not within Plaintiff's reasonable access, upon a sufficient showing of the importance of the information.

Here, Plaintiff declares that the pages of the 4B4R housing log book for second watch on May 7, 2014 and May 8, 2014, where he was housed at the time of the events at issue, contains information necessary and sufficient to identify LVN Jane Doe. Plaintiff declares that LVN Jane Doe was required to identify herself in the log, and that by referencing the dates and times with the MAR, he will be able to identify her. Plaintiff further declares that the Warden of California State Prison, Corcoran has possession, custody or control over the relevant log books.

Based upon Plaintiffs' representations and the record at this time, the Court finds that it is in the interest of justice to authorize the issuance of a subpoena duces tecum commanding the Warden of Corcoran State Prison to produce the documents identified by Plaintiff, if any exist.

Pursuant to Federal Rule of Civil Procedure 45(a)(4), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of the subpoena in ten (10) days from the date of service of this order.

///
///
///
///

**III.    Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The Court grants Plaintiff's motion to issue a Rule 45 subpoena duces tecum (ECF No. 30);
2. The Clerk of the Court shall prepare the subpoena duces tecum directing the Warden of California State Prison, Corcoran, to produce the pages of the 4B4R housing log book for second watch on May 7, 2014 and May 8, 2014;
3. The Clerk of the Court shall serve a copy of the subpoena on the parties with this order; and,
4. Pursuant to Rule 45(a)(4), the parties are placed on notice that the United States Marshal will be directed to initiate service of the subpoena subpoena duces tecum described above in ten (10) days from the date of service of this order.

IT IS SO ORDERED.

Dated:    **October 5, 2017**          /s/ *Barbara A. McAuliffe*
                                       UNITED STATES MAGISTRATE JUDGE