|   |   |
|---|---|
| MIKE BAKER, | Case No.: 1:15-cv-00693-AWI-BAM (PC) |
| Plaintiff, | ORDER REGARDING DEFENDANTS' REQUEST TO STAY NON-EXHAUSTION DISCOVERY, AND PLAINTIFF'S REQUEST FOR MODIFICATION OF THE DISCOVERY AND SCHEDULING ORDER |
| v. | |
| S. CACOA, et al., | |
| Defendants. | (ECF Nos. 39, 40, 41.) |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

## I. Introduction

Plaintiff Mike Baker is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's claims Defendants Ponce De Leon and Vasquez for retaliation in violation of the First Amendment, and against Defendants Cacoa, Ponce De Leon, Guizar, Vasquez, Singh and Jane Doe for deliberate indifference to serious medical needs in violation of the Eighth Amendment, medical malpractice, violations of California Government Code § 845.6, and negligent infliction of emotional distress.

Currently before the Court is Defendants' request to stay non-exhaustion discovery, contained in their motion for summary judgment for the failure to exhaust administrative remedies, filed on October 27, 2017. (ECF No. 39) Plaintiff filed an opposition on November 13, 2017, in addition to his own motion to modify the discovery and scheduling order. (ECF No. 40.) Defendants' filed a statement supporting their request for a stay and opposing Plaintiff's modification request, on November 16, 2017. (ECF No. 41.) These motions are deemed submitted. Local Rule 230(l).

1

## II. Defendant's Motion to Stay and Plaintiff's Motion to Modify the Scheduling Order

### A. Arguments

Defendants seek a protective order staying discovery unrelated to the issue of exhaustion pending the outcome of their motion for summary judgment for the failure to exhaust administrative remedies. (ECF No. 39-1, at pp. 15-16.) Defendants argue that success on their motion will dispose of several claims in this action, which will significantly reduce the scope of this case and thus the scope of merits discovery.

Plaintiff opposes the request to stay, arguing that the motion for summary judgment has no merit and that a stay will lengthen the litigation here and waste time. Plaintiff states that he has not served any discovery requests, but he intends to serve minimal discovery requests of limited scope. Plaintiff also seeks some unspecified modification of the deadlines in the discovery and scheduling order. (ECF No. 40.)

In reply, Defendants renew their request for a stay of non-exhaustion discovery based on their earlier arguments, and oppose Plaintiff's request based on a lack of clarity regarding what modification Plaintiff seeks. (ECF No. 41).

### B. Analysis

Courts may issue a protective order staying discovery pending the resolution of potentially dispositive motions. See e.g., Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (no abuse of discretion where district court stayed discovery until issue of immunity was decided on summary judgment). A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997) (citing Landis v. North American Co., 299 U.S. 248, 254 (1936)). The party seeking the stay bears the burden of establishing the need to stay the action. Clinton, 520 U.S. at 708.

Here, the Court finds that Defendants have met the burden of showing good cause to stay all non-exhaustion related discovery in this case. Fed. R. Civ. P. 16(b)(4). A stay here will further the goal of efficiency for the courts and litigants by preventing a waste of resources on potentially unnecessary discovery and motion practice. Furthermore, Plaintiff will not be prejudiced by a modest delay in proceeding with non-exhaustion related discovery under the circumstances. Thus, non-

exhaustion discovery in this case will be stayed pending the resolution of Defendant's motion for summary judgment. To the extent Plaintiff's intended discovery requests are directed at issues related to the exhaustion of administrative remedies, they are not precluded by this order.

The Court does not find good cause to grant Plaintiff's request to modify the discovery and scheduling order. As Defendants argue, it is not clear what deadline Plaintiff seeks to modify, or why additional time is needed.

**III.    Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. Defendants' request to stay non-exhaustion discovery pending resolution of motion for summary judgment on issue of exhaustion is granted. As noted above, the parties are not precluded from engaging in discovery related to the issue of exhaustion of administrative remedies;

2. Upon the resolution of Defendants' pending motion for summary judgment, the Court will issue an order lifting the stay of non-exhaustion discovery; and

3. Plaintiff's motion for modification of the discovery and scheduling order is denied.

IT IS SO ORDERED.

Dated:    **November 17, 2017**              /s/ *Barbara A. McAuliffe*
                                             UNITED STATES MAGISTRATE JUDGE