**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MIKE BAKER,<br><br>   Plaintiff,<br><br> v.<br><br>S. CACOA, et al.,<br><br>   Defendants. | Case No.: 1:15-cv-00693-AWI-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE NAME OF DEFENDANT "JANE DOE" AS "D. OSUMA"<br>(ECF No. 44)<br><br>ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT<br><br>**THIRTY-DAY DEADLINE** |

**I. Introduction**

Plaintiff Mike Baker is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's claims against Defendants Ponce De Leon and Vasquez for retaliation in violation of the First Amendment, and against Defendants Cacoa, Ponce De Leon, Guizar, Vasquez, Singh and Jane Doe for deliberate indifference to serious medical needs in violation of the Eighth Amendment, medical malpractice, violations of California Government Code § 845.6, and negligent infliction of emotional distress.

Currently before the Court is Plaintiff's motion to substitute name of Defendant "Jane Doe" as "D. Osuma," filed on November 29, 2017. (ECF No. 44.) The time for an opposition to the motion has passed, and none was filed. The motion is deemed submitted. Local Rule 230(l).

///

**II.     Motion to Substitute Name of Defendant "Jane Doe"**

Plaintiff discusses that the Court granted his request for a subpoena for information to discover the identity of Defendant Jane Doe.  On or about October 25, 2017, Plaintiff received documents in response to the subpoena.  Plaintiff states that the documents show that the name of the LVN who was present on second watch during the incidents in question is "D. Osuma."  Therefore, he seeks to substitute the identity of Defendant Jane Doe with "D. Osuma."

**A.     Legal Standard**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." Id.

**B.     Discussion**

Considering the relevant factors here, leave to amend should be granted.  Plaintiff's motion presents his good faith assertion that he has diligently engaged in discovery and has now identified Defendant Jane Doe as "D. Osuma."  The Court finds no evidence of prejudice, bad faith, undue delay, or futility.

Plaintiff also requests that the Court order service of his first amended complaint on D. Osuma.  The Court informs Plaintiff that he must first amend his pleading to substitute the identity of Defendant Jane Doe for "D. Osuma" in the allegations.  Once Plaintiff files his second amended complaint, the Court will review and screen the second amended complaint.  If the Court finds that Plaintiff has properly amended his pleading as instructed in this order, it will then direct the Clerk of the Court to send the forms to Plaintiff to initiate service of process.

Accordingly, Plaintiff shall be granted leave to file a second amended complaint, **within thirty (30) days**, for the sole purpose of identifying "D. Osuma" as a Defendant.  Plaintiff should note that although he has been granted leave to amend, he may not change the nature of this suit by

adding new, unrelated claims in his second amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff is further advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. Each claim and the involvement of each defendant must be sufficiently alleged.

The second amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number (1:15-cv-00693-AWI-BAM), and be an original signed under penalty of perjury.

### III. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to substitute a name of Defendant "Jane Doe" as "D. Souma," filed on November 29, 2017 (ECF No. 44), is GRANTED;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint as discussed in this order; and

3. No requests for extension of time will be granted without a showing of good cause. Failure to comply with this order will result in a recommendation for a sanction, potentially including a dismissal of a claim or party.

IT IS SO ORDERED.

Dated: **January 3, 2018**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE