UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE BAKER, | ) Case No.: 1:15-cv-00693-AWI-BAM (PC) |
| Plaintiff, | ) ORDER GRANTING PLAINTIFF'S MOTION TO STAY SUMMARY JUDGMENT MOTION FOR DISCOVERY UNDER RULE 56 |
| v. | ) |
| S. CACOA, et al., | ) (ECF No. 48) |
| Defendants. | ) |

## I. Introduction

Plaintiff Mike Baker is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter proceeds on Plaintiff's claims against Defendants Ponce De Leon and Vasquez for retaliation in violation of the First Amendment, and against Defendants Cacoa, Ponce De Leon, Guizar, Vasquez, Singh and Jane Doe for deliberate indifference to serious medical needs in violation of the Eighth Amendment, medical malpractice, violations of California Government Code § 845.6, and negligent infliction of emotional distress.

Currently before the Court is Plaintiff's motion to stay Defendants' motion for summary judgment for discovery pursuant to Federal Rule of Procedure 56(d), filed on January 8, 2018. (ECF

1

No. 48.) Defendants filed a non-opposition to Plaintiff's motion on January 9, 2018. (ECF No. 49.) At this time, the Court finds no reply is necessary, and the motion is deemed submitted. Local Rule 230(l).

## II. Motion to Stay Summary Judgment

On October 27, 2017, Defendants filed a motion for summary judgment for the failure to exhaust administrative remedies. (ECF No. 39.) Defendants also sought a request to stay non-exhaustion discovery. (Id.)

On November 17, 2017, over Plaintiff's opposition, the Court granted Defendants' request to stay non-exhaustion discovery pending resolution of their motion for summary judgment. (ECF No. 43.) The Court expressly ordered that the parties were not precluded from engaging in discovery related to the issue of exhaustion of administrative remedies. (Id. at p. 3.)

Now, Plaintiff has filed the instant motion for a stay of summary judgment for discovery. (ECF No. 48.) Plaintiff explains that due to institutional bed moves, he has been without his property. He has since reviewed the motion for summary judgment and his evidence, and finds some discovery is needed to oppose the summary judgment motion. Plaintiff has conducted no previous discovery.

Plaintiff attaches a declaration explaining the discovery he seeks. (Id. at 4-7.) In summary, he seeks discovery regarding four issues: (1) evidence to support Plaintiff's assertion that Defendant Vasquez, as the Health Care Appeals Coordinator, interfered with or obstructed Plaintiff's rights to appeal; (2) evidence to support Plaintiff's assertion that CDCR was on notice regarding Plaintiff's allegations against Defendant Cacoa; (3) evidence that Defendant Singh was interviewed and otherwise involved in procedures related to Plaintiff's appeals, showing that he exhausted his appeals against Singh; and (4) evidence that J. Lewis, Deputy Director of Policy and Risk Management Services for the California Correctional Health Care Services, who provided a declaration in support of the summary judgment motion, personally notified Plaintiff that certain of his claims were in fact properly exhausted.

Plaintiff also attaches proposed discovery requests, including: (1) a First Set of Interrogatories to Defendant Singh; (2) a First Set of Requests for Admission to Defendant Singh; (3) a First Set of Interrogatories to Defendant Cacoa; (4) a First Set of Requests for Admission to Defendant Cacoa; (5)

2

a First Set of Interrogatories to Defendant Vasquez; (6) a First Set of Requests for Admission to Defendant Vasquez; (7) a combined First Set of Document Requests to Defendants Vasquez, Cacoa, and Singh. (Id. at 16-43.)

In their statement of non-opposition, Defendants state that they do not oppose Plaintiff's request for a stay for the purpose of discovery related to the exhaustion of administrative remedies generally, although they only intend to respond to discovery requests that are directed at that limited issue. (ECF No. 49.)

### A. Legal Standard

"Federal Rule of Civil Procedure Rule 56(d) provides that if a party opposing summary judgment 'shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.'" Swoger v. Rare Coin Wholesalers, 803 F.3d 1045, 1048 (9th Cir. 2015) (quoting Fed. R. Civ. P. 56(d)). "A party requesting a continuance pursuant to [Rule 56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1100 (9th Cir. 2006) (citations omitted).[1]

### B. Discussion

Plaintiff has supported his request for a stay of summary judgment with a detailed declaration setting forth his theories for opposition to the motion, the facts and evidence he seeks to obtain through discovery to support those theories, and his general discovery plan. In reviewing the proposed requests, in general Plaintiff appears to seek relevant evidence regarding interviews and other conversations related to his administrative appeals of his grievances, the identity of persons

---

[1] Plaintiff states in his motion that he is unclear which provision of Rule 56 applies to his request. Federal Rule of Civil Procedure 56(d) sets forth the standard for a request to stay summary judgment, as discussed above. It was previously numbered 56(f), and some previous case law refers to 56(f). Martinez v. Columbia Sportswear USA Corp., 553 F. App'x 760, 761 n.2 (9th Cir. 2014). Based on the substance of Plaintiff's request, the Court understands Plaintiff to be referring to the current Rule 56(d).

3

involved in his appeal process, and certain Defendants' knowledge and involvement in his appeals process. Plaintiff also seeks information about his appeals, and about policies and procedures.

Under the circumstances, the Court finds that Plaintiff has been diligent here and has adequately supported his request for a stay of summary judgment to allow him to take discovery and to obtain or prepare affidavits and declarations in support of his opposition to Defendants' summary judgment motion. In making this ruling, the Court is not finding that all of Plaintiff's discovery requests are within the scope of discovery as limited to the issue of exhaustion of administrative remedies. The Court reminds Plaintiff that he does not have to prove the elements of his underlying claims at this stage, and that this motion is limited to whether administrative remedies were available and whether those available remedies, if any, where fully exhausted.

Defendants are not precluded from making limited, specific objections to Plaintiff's discovery requests where appropriate. To the extent that Defendants intend to object to any discovery request, but are able to provide a partial or qualified response, they must do so. Prior to sending their responses to Plaintiff, defense counsel must also contact Plaintiff by telephone or in person to discuss their objections, and attempt to resolve any disagreements regarding their anticipated objections.

Accordingly, the Court will grant Plaintiff's request to stay Defendants' motion for summary judgment to allow for Plaintiff to take discovery. Defendants shall respond to the discovery requests provided in Plaintiff's motion and listed above, and conduct any necessary meet-and-confer, within **forty-five (45) days** of this order. Plaintiff's deadline to file an opposition to Defendants' motion to summary judgment is extended, until **March 30, 2018**.

### III. Conclusion and Order

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for a stay of summary judgment pursuant to Federal Rule of Civil Procedure 56(d), filed on January 8, 2018 (ECF No. 48), is granted;
2. Defendants shall respond to the discovery requests and conduct any necessary meet-and-confer as detailed above, within **forty-five (45) days** of this order;
3. Plaintiff's deadline to file an opposition to Defendants' motion to summary judgment is extended, until **March 30, 2018**; and,

4

4. <u>No requests for extension of time will be granted without a showing of good cause. Failure to comply with this order will result in sanctions</u>.

IT IS SO ORDERED.

Dated: **January 10, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE